EMIGDIO ISERN JIMÉNEZ, Petitioner and Appellee, v. BOARD OF EXAMINERS OF ENGINEERS, ETC., Respondent and Appellant.

No. 6410. Argued June 3, 1933.—Decided July 26, 1933.

568

*Charles E. Winter, Attorney General,* and *E. Aldrey, Assistant Attorney General,* for appellant. *Arturo Aponte* and *R. García Quiñones* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The dismissal of the appeal in this case is requested because of unnecessary delay in its prosecution and as being frivolous.

The record shows that on January 21, 1929, Emigdio Isern, petitioned the District Court of Humacao for a writ of mandamus to compel the Board of Examiners of Engineers to issue to him the license required for the practice of the profession of electrical engineering.

The petition was accompanied by an affidavit submitted by the petitioner with his application to the board. It appears therefrom that petitioner, from 1892 to 1898, worked for the Insular Government as a telegraph operator in different towns of the Island; from 1899 to 1902 he was employed by the *S. A. Luz Eléctrica de San Juan, P. R.,* and had charge of the panel board and dynamos during the night and the power lines of the city during the day; from 1902 to 1904 he was manager of the electric plant of the Municipality of Arecibo; from 1904 to 1909 he was inspector of the installations of light service, heating systems, motors, etc., in San Juan, for the P. R. Ry, Light & Power Co., and since 1909 up to the date of the affidavit he has worked with the Humacao branch of said company, attending to the extension of power lines, primary as well as secondary, the mounting of transformers, motors, stoves, heaters, and all kinds of apparatus in Humacao as well as in Yabucoa, Naguabo, and Las Piedras, making all kinds of installations for light, power, or heating. The petitioner alleged that, as no evidence was presented to the board to contradict his affidavit,

the board was legally bound to issue the license, and that in spite of this it refused to do so.

The writ was issued. The board answered and admitted all the facts concerning the application, but denied that it had been shown that petitioner had practiced as an electrical engineer for a period of more than three years prior to the approval of Act No. 31 of 1927. As special defenses it set up that it had discretion to pass upon the evidence submitted to it; that the remedy of mandamus was not the proper one; and that the affidavit of the petitioner failed to show that he had practiced electrical engineering.

The answer was dated April 8, 1929. More than three years elapsed without any action being taken in the case, until January 25, 1933, when it was called for trial. Petitioner appeared through his counsel, and respondent was represented by the district attorney. Both parties submitted the case upon the facts appearing of record and the court decided it on the 10th day of February following, by rendering judgment against the respondent. The latter took an appeal therefrom in March, and it did not file the transcript of record until June 30.

It is not incumbent upon us to consider the delay in the proceedings had before the district court; the delay appearing from the record in this Supreme Court could serve as a ground for dismissal, since there is involved a transcript consisting of 15 pages typewritten in double-space, which could have been filed without the necessity of any extensions of time, but we prefer to consider the merits of the case in order to decide whether or not the appeal is frivolous.

This court has heretofore repeatedly decided that mandamus lies in cases of this character. *Llovet* v. *Board of Examiners of Engineers, Etc.,* 40 P.R.R. 560; *Arán* v. *Board of Examiners of Engineers, Etc.,* 40 P.R.R. 565; *González* v. *Board of Examiners of Engineers, Etc.,* 40 P.R.R. 566; *Flores* v. *Board of Examiners of Engineers, Etc.,* 40 P.R.R. 567; *Mateo* v. *Board of Examiners of Engineers, Etc.,* 40

P.R.R. 569; *Serra* v. *Board of Examiners of Engineers,* 43 P.R.R. 727. In the last of these cases, following the definite rule laid down in the others cited, it was held that: ''Where the documents submitted to the Board of Examiners of Engineers, Architects, and Surveyors by the applicant for a license suffice to establish a prima facie case, in the absence of any evidence to the contrary, it becomes the ministerial duty of the board to issue a license; and the board may be compelled by mandamus to do so in case of refusal.''

Here there was no evidence to the contrary. The facts stated in the affidavit of the petitioner must be taken as true. The board maintains that it does not appear therefrom that the petitioner has practiced the profession of electrical engineering for three years prior to the enactment of the law regulating this matter, but we have not had the benefit of the arguments on which it bases its contention.

Section 9 of Act No. 31 of 1927 (Sess. Laws, p. 187), in its pertinent part, reads as follows:

''Section 9.—At any time within the six months following the date on which this Act takes effect, the board shall issue a license to practice engineering, architecture or surveying to any person who. . .

''\*        \*        \*        \*        \*        \*        \*

''(*b*) Has practiced the profession of engineering, architecture or surveying for a period of not less than three years, prior to the date of approval of this Act.

''Unless evidence to the contrary exists, the board shall accept the sworn statement in the application as satisfactory evidence that the applicant has practiced the profession of engineering, architecture or surveying for a period of three years.''

The district court found independently that the showing as to practice which appears from the affidavit of petitioner was sufficient, and in our opinion it acted justly in making such finding.

In Nelson's Encyclopedia it is said that electrical engineering is ''that branch of engineering which has as its basic idea the control of electrical energy for human service with

the highest efficiency compatible with economical investment. It may be divided according to the class of service involved —as . telephony, telegraphy, electro-chemistry, electric railroading, power generation and transmission, industrial applications, lighting, etc. No rigid classification can be made, however, as many of these services are interdependent. In all divisions, three kinds of effort may be more or less clearly observed: (1) inventive effort, covering investigation of phenomena, and the design and building of apparatus to utilize discoveries; (2) service-development effort, covering study of natural conditions, grouping of machinery and planning and building of complete works to utilize natural forces and human inventions; (3) operating effort, covering daily manipulation of machines and actual furnishing of service.''

This is not the case of an inventor nor of a man that could be called a scientist, but the fact is evident that the petitioner for more than 40 years has devoted himself to constant practice connected with work by virtue of which electricity, transformed into power or light, is placed at the service of the community.

As the appeal is really frivolous, the motion of appellee must be sustained and the appeal dismissed, so as not to delay any longer the execution of the judgment rendered by the district court.

Mr. Justice Aldrey took no part in the decision of this case.